## HETRICH v. DEACHLER.

</div>

The reasonableness of the detention of water, by the *riparian owner above*, to the injury of the *riparian owner below*, depending, as it must, on the nature and size of the stream, as well as the business to which it is subservient, and on the ever-varying circumstances of each particular case, must be determined by the jury, and not by the court.

ERROR to the Common Pleas of Berks county.

This was an action on the case, in which William Hetrich was plaintiff, and Henry Deachler defendant. The plaintiff alleged that the defendant stopped up, obstructed, and retained the water of a certain stream that flowed through his land, so as to deprive him of the use of the water for the purpose of driving his grist-mill. The plaintiff was the owner of a tract of land through which the stream run on which was his grist-mill. The defendant was the owner of the land above, on the same stream, on which he built a saw-mill, and made a dam across the stream, for the purpose of

conducting the water to his saw-mill. The grist-mill was built long before the saw-mill, and is nearly a mile below it.

The plaintiff gave evidence that the defendant withheld the water in his dam, three, four, and five days, and at one time thirteen days; that at times he discharged the water in such quantities as to flood the plaintiff's mill; that when the water was detained in defendant's dam eight days and longer, it got no higher than when detained three days; that the water sunk away in the dam, or dried up when detained so long, as the breast of the dam did not leak; and that defendant had said that if he left the water run, it would cause his forebay to leak.

The defendant, on the other hand, gave evidence to show that when he detained the water, the stream was low and the season very dry, and that without the detention he could not saw at his mill; that he only used the water for his saw-mill, and for the purpose of watering his meadow; that the water was turned into its natural course before it left his premises; that the stream was a small one, and insufficient for both mills; that his dam was a clay bottom, and that the water could not well sink away; that the breast of his dam did leak, and that there were two springs in the dam.

BANKS, President, after stating all the evidence, and submitting the same to the jury, charged thus:

"The plaintiff has asked the court to charge you, that if the defendant kept the water back vexatiously, or if there was any degree of malevolence, as to the time, or the quantity of water discharged, and that if the plaintiff's mill was injured thereby, that the plaintiff is entitled to recover.

"The law is as it is stated in this proposition, and we so charge you, so that if you believe, from a consideration of all the evidence, that the defendant did keep back the water wantonly, or vexatiously, or that there was any malevolence in him as to the time he discharged the water, or as to the quantity of the water discharged, and that the plaintiff's mill was injured thereby, you will find in favour of the plaintiff.

"The plaintiff has also requested the court to charge you, that if the defendant withheld the water in his dam from the plaintiff's mill, at times for three days, at other times for five days, and at one time for thirteen days, to the injury of the plaintiff's mill, that then the plaintiff is entitled to recover.

"If the defendant did detain the water at times for three days, at other times for five days, and at one time for thirteen days, in

his dam, to the injury of the plaintiff's mill; we cannot charge you, as we are requested by the plaintiff's counsel.   What is a reasonable detention, and what is an unreasonable detention, is not a matter of law to be determined by the court, but must be determined by the jury.   It would appear, reasonable, that when the time is long, the law should determine its character.   It has been so ruled in analogous cases, and if it was so in this, it would accord better with my own individual judgment.   In the case of Hoy *v.* Sterrett, 2 Watts, 331, 332, it has been decided, that this question must be referred to the determination of the jury.   By this decision we are bound, and to it we must conform.

"The defendant had a right to the use of the water as it passed through his land.   If he detained it no longer than was necessary for his proper enjoyment of it, the plaintiff cannot recover; whether, if you believe from the evidence that he did detain the water three days, at times, at other times five days, and at one time thirteen days in his own dam, to the injury of the plaintiff's mill, this was longer than was necessary for the defendant's proper enjoyment of the water, at his mill, as it passed through his land, is left to your determination.   If you believe it was, you will find for the plaintiff.   If you believe it was not, then you will find for the defendant, unless you believe that the defendant did vexatiously, or wantonly detain the water, or that there was some degree of malevolence in the time, or quantity of water discharged, to the injury of the plaintiff's mill: for if you believe this, your verdict should be for the plaintiff."

Verdict for the defendant.

*Hoffman,* for the plaintiff in error, contended that the court ought not to have submitted the question of time to the jury; the time the water was detained under the circumstances of the case was so long and unreasonable as entitled the plaintiff to recover, if the witnesses were believed, and so the court ought to have charged the jury.   He cited Sackrider *v.* Beers, 10 Johns. 241, 3 Kent's Com. 441; Star *v.* Bradford, 2 Penna. 384; Johnson *v.* Lines, 6 Watts & Serg. 80.

*Pearson,* (with whom was *Smith,*) for defendant in error, contended that, from the nature of the subject, it was impossible that the length of time, during which an upper riparian owner might stop the water and use it for his own purposes, could be made a question of law; it must necessarily be referred to the jury, who were the only competent judges of such a question.

The owner of the upper mill had a right to detain the water, provided he did so no longer than was necessary for a proper enjoyment of it; and this is expressly decided in Hoy *v.* Sterrett, 2 Watts, 332.

If the owner of the lower mill is injured by such detention, it is *damnum absque injuria*, and he must submit to it, as one of the disadvantages of his situation.

The only restriction is, that the upper owner must never detain the water vexatiously or wantonly; and so the court instructed the jury. They also referred to Angel on Water Courses, 129, 168; Beissel *v.* Sholl, and Wagner *v.* Sholl, 4 Dall. 211; Merrit *v.* Brinkerhoff, &c., 17 Johns. 306; and argued that the charge of the court was more favourable to the plaintiff than he was entitled to.

PER CURIAM.—The law of the case is so fully and accurately laid down in the charge, that scarce any thing can be added to it. The reasonableness of the detention depending, as it must, on the nature and size of the stream, as well as the business to which it is subservient, and on the ever-varying circumstances of each particular case, must necessarily be determined by the jury, and not by the court. It is not many years since the reasonableness of notice of the dishonour of a bill or note, though reducible to rule, was determinable in the same way. But it is impossible to make even a general rule for cases like the present; and the matter was fairly submitted, therefore, to the jury.

Judgment affirmed.